## Maggie Gustin v. Cynthia Burnham and another.

*Ejectment: Purchasers from administrator: Agreement to pay rent to widow: Dower: Terminating tenancy.* Purchasers from an administrator having gone into possession under an understanding with the widow of decedent that they should have the occupation and enjoyment, not only in their own right, but also in her right as dowress, rendering to her a reasonable compensation by way of rent, such widow cannot maintain ejectment against them without first terminating the tenancy.

*Submitted on briefs June 21. Decided October 10.*

Error to St. Clair Circuit.

*A. E. Chadwick*, for plaintiff in error.

*Mitchell & Avery*, for defendants in error.

COOLEY, CH. J:

There ought to have been in this case a more specific finding of the facts before it was brought to this court for review.

It is inferable from the finding that administration was had on the estate of James L. Gustin, and that defendants hold by purchase from the administrator. It is also inferrable that when they went into possession it was under an understanding with the plaintiff that they should have the occupation and enjoyment, not only in their own right, but also in her right as dowress, rendering to her a reasonable compensation by way of rent, the amount of which, however, was not agreed upon. This must have been the understanding the circuit judge had of the facts; and if so, he was right in holding that the plaintiff could not maintain her action without first terminating the tenancy. Whether he was also right in his suggestion that the plaintiff might have had her dower assigned in the probate court, is a question not involved in this suit, and which would depend on other facts than those which are embraced in this finding.

The judgment must be affirmed, with costs, and the cause remanded to give the plaintiff an opportunity to take a new trial under the statute if she shall so elect.

The other Justices concurred.